IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAX D. ELIASON, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | No. 3:20-cv-2747-B-BT |
| § | |
| THE CORPORATION OF THE § | |
| PRESIDENT OF THE CHURCH OF § | |
| JESUS CHRIST OF LATTER-DAY § | |
| SAINTS, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). For the following reasons, the District Court should DISMISS this case without prejudice under Federal Rule of Civil Procedure 41(b).

Plaintiff Max Eliason initiated this civil action on September 2, 2020, and paid the filing fee. His initial complaint, which is more than 70 pages long, accuses the "Corporation of the President of the Church of Jesus Christ of Latter-Day Saints" of conspiring with others to defraud him and his family out of a $200 million estate. Over the next three weeks, Eliason filed 11 additional documents consisting of hundreds of pages of delusional ranting laced with obscenities.

1

Because he purports to bring claims on his own behalf and on behalf of his parents' estates, the Court ordered him to obtain representation as he is unable to represent his parents' estates while proceeding *pro se*. Order (ECF No. 11); *see also Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (citing 28 U.S.C. § 1654; *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978); *Guajardo v. Luna,* 432 F.2d 1324, 1324 (5th Cir. 1970) (per curiam)) ("It is axiomatic that an individual may proceed *pro se* in civil actions in federal court, but it is equally certain that those not licensed to practice law may not represent the legal interests of others."). The Court informed Eliason that if he failed to timely obtain representation, his case would be dismissed without prejudice. Order (ECF No. 11). Eliason promptly filed a "Response and Refusal to Recognize the Recent 'Order' Issued for the Victim Not Plaintiff Max D. Eliason to Obtain Legal Counsel Within 30 Days." Resp. (ECF No. 13). Therein, Eliason states:

> THIS TAG TEAM OF GANG BANGING BITCHES LITERALLY SHOT OFF AN "ORDER" TO "MY FATHER'S HOUSE" DEMANDING THAT IT ENGAGES ATTORNEYS WITHIN 30 DAYS OR THEY HAVE THREATENED TO DISMISS THE MATTER WITHOUT PREJUDICE THEREBY WASHING THEIR HANDS JUST AS SOME SHIT NAMED PONTIUS DID ONCE UPON A TIME…DAMN YOU MOFO'S FROM TEXAS!

*Id*. 14. The Court construes Eliason's Response as a refusal to comply with the Court's order and obtain counsel like its title indicates.

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or

comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630-31); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). Because Eliason refuses to obtain counsel, and he may not represent his parents' estates while proceeding *pro se*, the Court should DISMISS his case without prejudice for failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders); *Boudwin*, 756 F.2d at 401 ("Although . . . [Rule 41(b)] speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte,* with or without notice to the parties.").

Additionally, the Court should dismiss Eliason's case because he has failed to serve his Complaint on any named Defendant. Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

3

prejudice against that defendant or order that service be made within a specified time," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service ***and*** (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure.").

Here, Eliason paid the filing fee and is, therefore, responsible for properly serving Defendants with a summons and the Complaint in accordance with Federal Rule of Civil Procedure 4. Eliason filed his Complaint on September 2, 2020—more than 90 days ago—and has not filed proof of service with the Court. Eliason has not filed anything to establish good cause for his failure to timely and properly effect service or good cause for the Court to extend the time for service for an appropriate period. Indeed, Eliason has not filed anything is this case since September 21, 2020. Accordingly, the Court should dismiss this case without prejudice for failure to prosecute.

**SO RECOMMENDED.**

Signed: March 10, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).